**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Adrian R. Bacon, Esq. (SBN: 280332)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234
Facsimile: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILLIP LENDENBAUM,**<br><br>Plaintiff,<br><br>v.<br><br>**DOORDASH, INC.,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

1.   PHILLIP LENDENBAUM ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of DOORDASH, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone using prerecorded messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.   The TCPA was designed to prevent calls and/or text messages like

COMPLAINT - 1

the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims out of violations of federal law.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in the Northern District of California and

committed a substantial part of the acts giving rise to Plaintiff's claims in this District.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Maryland.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

9. Defendant is, and at all times mentioned herein was, a corporation of the State of Delaware, which is registered with the Secretary of State to do business in the State of California. Defendant maintains its principal place of business in San Francisco, California.

10. Defendant is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

11. During or about 2020, Plaintiff was working as a General Manager for a hotel.

12. While Plaintiff was working for the hotel, the hotel used Plaintiff's cellular phone number ending in -1315 as the contact number for the hotel's DoorDash deliveries.

13. Plaintiff was laid off from the job in 2020.

14. After Plaintiff left the job, he received constant calls from Defendant to his cellular phone which featured prerecorded messages.

15. Plaintiff called Defendant and spoke with a supervisor to request that Defendant stop calling him.

16. Additionally, Plaintiff's former employer reached out to Defendant on Plaintiff's behalf to request that they stop calling Plaintiff.

17. Throughout 2021, Defendant continued placing daily calls to Plaintiff's cellular telephone, featuring the same prerecorded message.

18. Plaintiff has repeatedly attempted to block the phone numbers generating these calls but has been unsuccessful in stopping them, because whenever Plaintiff blocks a particular number, Defendant continues to call from new telephone numbers.

19. Plaintiff has spoken to multiple supervisors with Defendant, who have repeatedly assured him that they would fix the issue.

20. Despite those assurances, Plaintiff continues to receive bothersome and harassing calls to his cellular telephone every day, featuring the same prerecorded message.

21. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23. Defendant's calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), in that they are calls to a recipient within the United States, not made for emergency purposes or with the prior express consent of Plaintiff, using a prerecorded voice, to a telephone number assigned to a cellular telephone service for which Plaintiff is charged for such calls.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ*.**

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

34. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ*.**

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

37. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted on January 24, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff